E-FILED  2017 FEB 09 3:57 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JAMES NELLE, ROOF ONE EXTERIORS LLC AND ROOF ONE OF IOWA LLC, ) ) ) | Case No. _____ |
| Plaintiffs, ) ) ) | |
| v. ) ) | **PETITION AT LAW AND JURY DEMAND** |
| WHO TELEVISION, LLC AND TRIBUNE MEDIA COMPANY, ) ) ) | |
| Defendants. ) ) | |

COME NOW, the Plaintiffs, James Nelle, Roof One Exteriors LLC and Roof One of Iowa LLC, by and through the undersigned counsel, and submit this Petition at Law and Jury Demand.

### Jurisdiction and Venue

1.      James Nelle ("Jim") is an individual residing in the state of Iowa.

2.      Roof One Exteriors LLC and Roof One of Iowa LLC are both Iowa limited liability companies with their principal places of business in Winterset, Iowa.

3.      WHO Television, LLC ("WHO") is a Delaware limited liability Company with its principal place of business located at 1801 Grand Ave., Des Moines, in Polk County, Iowa

4.      Tribune Media Company ("Tribune") is a Delaware corporation with its principal place of business located at 435 N. Michigan Ave., Chicago, Illinois 60611.

5.      Upon information and belief Tribune is the owner of the domain name WHOTV.com.

6.      Upon information and belief Tribune is the parent company of WHO Television, LLC.

7.      Tribune is subject to personal jurisdiction in the state of Iowa.

- 1 -

**EXHIBIT A**

8.      Plaintiffs seek damages sufficient for jurisdiction in this Court.

9.      Venue is appropriate in this County pursuant to Iowa Code § 616.17.

### Factual Allegations

10.     Jim owns both Roof One Exteriors LLC and Roof One of Iowa LLC (collectively "Roof One").

11.     Roof One provides roof repair services.

12.     A significant portion of Roof One's business involves the repair of hail and storm damage.

13.     Many of Roof One's jobs are paid for by homeowners' insurance policies, and the only cost to the insured is the deductible.

14.     On or about July 6, 2015, Winterset resident Mary Gregory signed a contract with Roof One Exteriors.

15.     Ms. Gregory submitted a homeowners' insurance claim.

16.     Jim pointed out various aspects of damage to an insurance adjuster who visited the residence.

17.     After the insurance company informed Ms. Gregory of the amount it would pay for repairs, Ms. Gregory relayed the information to Jim.

18.     In the presence of Ms. Gregory, Jim added these amounts onto the contract she had signed.

19.     Jim ordered materials to make the repairs and had them shipped to Ms. Gregory's residence.

20.     Ms. Gregory refused to accept delivery of the materials.

21.     Upon information and belief, Ms. Gregory kept some or all of the insurance proceeds for herself, and did not pay Roof One to make any repairs.

22.     Ms. Gregory subsequently contacted WHO about the situation.

23.     On or about September 1, 2015, Defendant WHO broadcast a segment regarding Jim and Roof One.

24.     The segment was more than 4 minutes long.

25.     The segment was the lead story on the nightly news on Channel 13 in Central Iowa.

26.      The segment included statements from WHO's reporter, Aaron Brilbeck, that Plaintiff's had "conned" and/or "cheated" Ms. Gregory.

27.     On the morning of September 2, 2015, Defendant WHO compounded the problem by posting the video on its website along with a related article.

28.     The online content was published at www.WHOTV13.com (the "Website").

29.     Upon information and belief, the domain name for the Website is owned by Tribune.

30.     In the evening of September 2, 2015, Defendant WHO ran another lead story on Jim and Roof One.

31.     In this second story, Aaron Brilbeck accused Jim of committing fraud.

32.     This story also prompted viewers to contact the Iowa Insurance Division and Iowa Attorney General's Office if viewers felt they had been "conned" by Jim or Roof One.

33.     Plaintiffs' counsel contacted WHO and provided the station with the opportunity to run a retraction pursuant to Iowa Code § 659.3.

34.     On or about May 2, 016, WHO ran a follow-up story on its evening news.

E-FILED  2017 FEB 09 3:57 PM POLK - CLERK OF DISTRICT COURT

35.     Even in this follow-up story, WHO continued to imply that Jim had committed wrongdoing by referencing an investigation by the Iowa Attorney General's Office and changes to Roof One's rating with the Better Business Bureau.

36.     The follow-up story does not meet the standards of a retraction pursuant to Iowa Code § 659.3.

37.     Tribune re-published WHO's online articles on numerous other websites owned or operated by Tribune.

38.     The aforementioned broadcasts and articles greatly damaged the reputation of Jim Nelle.

39.     The Defendants' actions have caused Jim mental anxiety and suffering.

40.     The Defendants' actions injured Roof One's reputation and injured them in the maintenance of the businesses.

41.     As a result of the false statements published by Defendants, Roof One had to cease operations in Iowa.

WHEREFORE, Plaintiffs seek an award of compensatory damages sufficient to make them whole, exemplary and special damages pursuant to Iowa Code § 659.3, prejudgment interest, and for such other relief as the Court deems just under the circumstances.

## COUNT I – DEFAMATION PER SE

42.     Plaintiffs incorporate all paragraphs of their Petition as if set forth fully herein.

43.     The Defendants failed to exercise that degree of reasonable care which is to be expected of publishers.

44.     The Defendants' stories and articles contained false statements.

45.     The Defendants published the statements with actual malice.

E-FILED  2017 FEB 09 3:57 PM POLK - CLERK OF DISTRICT COURT

46.     The Defendants made the statements with knowledge that the statements were false or with reckless disregard for their truth or falsity.

47.     The statements at issue tended to injure the reputation of the Plaintiffs, expose the Plaintiffs to public hatred, contempt, or ridicule, and injure the Plaintiffs' business.

WHEREFORE, Plaintiffs seek an award of compensatory damages sufficient to make them whole, exemplary and special damages pursuant to Iowa Code § 659.3, prejudgment interest, and for such other relief as the Court deems just under the circumstances.

## COUNT II – DEFAMATION PER QUOD

48.     Plaintiffs incorporate all paragraphs of their Petition as if set forth fully herein.

49.     The Defendants' stories and articles contained false statements.

50.     The Defendants made the statements with malice.

51.     The statements were communicated to persons other than Jim.

52.     The statements caused actual damage to the Plaintiffs.

WHEREFORE, Plaintiffs seek an award of compensatory damages sufficient to make them whole, exemplary and special damages pursuant to Iowa Code § 659.3, prejudgment interest, and for such other relief as the Court deems just under the circumstances.

## COUNT III – DEFAMATION BY IMPLICATION

53.     Plaintiffs incorporate all paragraphs of their Petition as if set forth fully herein.

54.     In the Defendants' stories and articles, Defendants left out facts in a manner that intentionally conveyed a false meaning.

55.     In the Defendants' stories and articles, Defendants combined statements that were basically true in a manner that intentionally conveyed a false meaning.

56.     The Defendants' stories and articles caused actual damage to the Plaintiffs.

E-FILED  2017 FEB 09 3:57 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiffs seek an award of compensatory damages sufficient to make them whole, exemplary and special damages pursuant to Iowa Code § 659.3, prejudgment interest, and for such other relief as the Court deems just under the circumstances.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.    Plaintiffs incorporate all paragraphs of their Petition as if set forth fully herein.

58.    WHO did not speak to any other customers of Roof One before putting their initial story on the air.

59.    WHO had, but did not air, footage of Jim explaining the process he had used with respect to Ms. Gregory's contract.

60.    Even in running a follow-up story, WHO attempted to continue to make Jim and Roof One look bad.

61.    Defendants' conduct as described herein was outrageous.

62.    Defendants  intentionally caused Jim emotional distress

63.    Defendants acted with reckless disregard of the probability of causing Jim emotional distress.

64.    Jim suffered severe or extreme emotional distress.

65.    The Defendants' outrageous conduct was a cause of the emotional distress.

WHEREFORE, Plaintiffs seek an award of compensatory damages sufficient to make them whole, punitive damages, prejudgment interest, and for such other relief as the Court deems just under the circumstances.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable thereto.

E-FILED  2017 FEB 09 3:57 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

GISLASON & HUNTER LLP

By _____
    David W. Nelmark           AT0005677

317 6th Ave. Ste. 1400
Des Moines, IA  50309
Telephone:  (515) 244-6199
Facsimile: (515) 244-6493
Email: dnelmark@gislason.com

ATTORNEYS FOR PLAINTIFFS

E-FILED  2017 FEB 22 10:21 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| **James Nelle, Roof One Exteriors LLC, and Roof One of Iowa LLC,** | ) | **Case No.: CVCV053517** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Acceptance and Waiver of** |
| | ) | **Service of Process** |
| **WHO Television, LLC and Tribune Media Company,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, Michael A. Giudicessi, as attorney for Defendants WHO Television, LLC and Tribune Media Company, waive personal service and accept service of process of the Original Notice and Petition at Law and Jury Demand dated February 9, 2017 on their behalf.

This acceptance is made as of February 22, 2017, and shall constitute service of the Original Notice and Petition at Law and Jury Demand effective as of this date.  This Acceptance and Waiver of Service of process is made on reliance on communications with Plaintiffs' attorney whereby Plaintiffs agreed that each Defendant shall have: (a) 60 days after this Acceptance and Waiver of Service of Process is accepted for filing, or until April 24, 2017, whichever is later, to file and serve a responsive pleading or motion, and (b) all rights, if any, to file removal papers as provided by the federal laws and rules within the time provided by such rules from an effective service date of February 22, 2017.

Date: February 22, 2017.

**Faegre Baker Daniels LLP**
/s/ Michael A. Giudicessi
Michael A. Giudicessi AT0002870
 michael.giudicessi@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorney for Defendants**

E-FILED  2017 FEB 22 10:21 AM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that a true copy of the foregoing **Acceptance and Waiver of Service of Process** was served upon one of the attorneys of record for each party to the above-entitled cause through the Court's electronic filing system to each such attorney at his/her last known e-mail address as shown below on the 22nd day of February, 2017.

<u>/s/ Trisha Richey</u>

Copy to:

David W. Nelmark
 *dnelmark@gislason.com*

*Attorney for Plaintiffs*

US.110198299.03

2

E-FILED  2017 FEB 22 11:07 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| **James Nelle, Roof One Exteriors LLC, and Roof One of Iowa LLC,** | ) ) ) | **Case No.: CVCV053517** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **Notice of Appearance of Counsel** |
| **WHO Television, LLC and Tribune Media Company,** | ) ) ) | |
| Defendants. | ) ) | |

PLEASE TAKE NOTICE that Michael A. Giudicessi of the law firm of Faegre Baker Daniels LLP hereby enters his appearance as counsel for Defendants WHO Television, LLC and Tribune Media Company in this matter.  Michael A. Giudicessi states he can be contacted at the following: 801 Grand Avenue, 33rd Floor, Des Moines, Iowa 50309-8003; telephone: (515) 447-4701; facsimile: (515) 248-9010, and e-mail: michael.giudicessi@faegrebd.com.

Date: February 22, 2017.                    **Faegre Baker Daniels LLP**

/s/ Michael A. Giudicessi
Michael A. Giudicessi AT0002870
 michael.giudicessi@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorney for Defendants**

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Notice of Appearance of Counsel** was served upon one of the attorneys of record for each party to the above-entitled cause through the Court's electronic filing system to each such attorney at his/her last known e-mail address as shown below on the 22nd day of February, 2017.

/s/ Trisha Richey

Copy to:

David W. Nelmark
  dnelmark@gislason.com

*Attorney for Plaintiffs*

US.110263035.01

2

E-FILED  2017 MAR 21 3:30 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| **James Nelle, Roof One Exteriors LLC, and Roof One of Iowa LLC,** | ) ) ) | **Case No.: CVCV053517** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **Notice of Appearance of Counsel** |
| **WHO Television, LLC and Tribune Media Company,** | ) ) ) | |
| Defendants. | ) ) ) | |

PLEASE TAKE NOTICE that Susan P. Elgin of the law firm of Faegre Baker Daniels LLP hereby enters her appearance as counsel for Defendants WHO Television, LLC and Tribune Media Company in this matter.  Susan P. Elgin states she can be contacted at the following: 801 Grand Avenue, 33rd Floor, Des Moines, Iowa 50309-8003; telephone: (515) 447-4716; facsimile: (515) 248-9010, and e-mail: susan.elgin@faegrebd.com.

Date: March 21, 2017.

**Faegre Baker Daniels LLP**

/s/ Susan P. Elgin
Michael A. Giudicessi AT0002870
 michael.giudicessi@faegrebd.com
Susan P. Elgin AT0011845
 susan.elgin@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

**Certificate of Service**

The undersigned hereby certifies that a true copy of the foregoing **Notice of Appearance of Counsel** was served upon one of the attorneys of record for each party to the above-entitled cause through the Court's electronic filing system to each such attorney at his/her last known e-mail address as shown below on the 21st day of March, 2017.

/s/ Trisha Richey

Copy to:

David W. Nelmark
 dnelmark@gislason.com

*Attorney for Plaintiffs*

US.110714824.01

2